UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERTO CRUZ,

                    Plaintiff,

- against -

LOS SURES MANAGEMENT CO-INC.,

                    Defendant.
------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
13-CV-04025 (CBA) (VMS)

AMON, Chief United States District Judge.

On July 10, 2013, plaintiff Roberto Cruz, proceeding pro se, filed the instant complaint against his former employer, defendant Los Sures Management Co-Inc., alleging violations under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. Cruz's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, Cruz is directed to file an amended complaint within thirty (30) days of the date of this Order, or the instant action shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).

## BACKGROUND

Submitted on a court-supplied employment discrimination form, Cruz's complaint alleges that he "made a mistake & it was cause for dismissal," an event that presumably took place on December 3, 2012. (Compl. at 3, ¶¶ 4-5.) His statement of facts states in its entirety:

> I clocked my friend in & was at work about 15 mins late. This happened during Hurricane Sandy. I made a mistake but I have worked with this company for about nine years. I have never had a problem, never late always took care of my building. I don't feel it should have been dismissed as I was. Maybe put me on probation or dock a day or pay but not dismissal.

(Compl. at 4, ¶ 8.)

1

On January 16, 2013, Cruz filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). On July 3, 2013, the EEOC issued plaintiff a Dismissal and Notice of Rights letter, stating as its reason for closing Cruz's charge that "Charging Party wishes to pursue matter in Federal District Court." (See Dismissal and Notice of Rights Letter, annexed to the Compl.) He subsequently filed the instant complaint on July 10, 2013.

## DISCUSSION

### I. Standard of Review

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

Pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court must construe a pro se litigant's pleadings liberally and interpret it as raising the strongest arguments they suggest. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district

court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## II. Title VII Claim

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that: (1) he is a member of a protected class, (2) he was qualified for the position he held, (3) he suffered an adverse employment action, and (4) that adverse employment action occurred under circumstances giving rise to an inference of discrimination. Brown v. City of Syracuse, 673 F.3d 141, 150 (2d Cir. 2012); Joseph v. N. Shore Univ. Hosp., No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

Here, the nature of Cruz's Title VII complaint is unclear. Although he indicates that he is bringing this action pursuant to Title VII, when asked to state the discriminatory conduct of which he complains, he checks only the box for "other acts" and states: "I made a mistake & it was cause for dismissal." (Compl. at 3, ¶ 4.) In addition, he fails to check and state a single applicable basis for discrimination in violation of Title VII. (Id. at 3, ¶ 7.) Nor does his statement of facts provide any indication from which we can infer that his dismissal was on the basis of his race, religion, national origin or some other protected class. Termination on the basis of a mistake, even if unwarranted or unfair, does not, without more give rise to an inference of discrimination on the basis of his membership in a protected class. Thus, even under the most liberal construction of Cruz's allegations, he fails to allege any facts that show that he was terminated under circumstances giving rise to an inference of discrimination. See Ruston v.

3

Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief.").

## CONCLUSION

In light of Cruz's pro se status, the Court affords him thirty (30) days from the date of this Order to replead his employment discrimination complaint to correct the deficiencies noted above. Although the amended complaint need only be a short, plain statement of facts, in order to state a plausible Title VII discrimination claim, Cruz must allege additional facts that give rise to an inference of discrimination on the basis of his membership in a protected class. If available, he should include a copy of the charge of discrimination that he filed with the EEOC.

No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days or until Cruz has complies with this Order. If Cruz fails to file an amended complaint within thirty (3) days, the instant action shall be dismissed and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 2, 2013

/s/ USDJ Amon
Carol Bagley Amon
Chief United States District Judge

4